IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE NO. |
| Plaintiff, | : | **3 22 cr 0124** |
| v. | : | **MICHAEL J. NEWMAN** |
| **JOSHUA A. HUGHES, (1)** (Counts 1, 2, 5-8) | : | **INDICTMENT** |
| | : | 7 U.S.C. § 2024(b) |
| **DANIELLE N. COLLINS, (2)** (Counts 1, 3, 5-8) | : | 18 U.S.C. § 371 |
| | : | 18 U.S.C. § 1028A(a)(1) |
| | | 21 U.S.C. § 846 |
| **KELLI M. SHEPPARD, (3)** (Counts 1, 4, 5, 8) | : | 21 U.S.C. § 856(a)(1) |
| | | **FORFEITURE** |
| **DOROTHY BAILEY, (4)** (Counts 1, 8) | : | |
| Defendants. | : | |

THE GRAND JURY CHARGES THAT:

### COUNT 1
### [18 U.S.C. § 371]
### (Conspiracy to Commit SNAP Fraud)

1. The Supplemental Nutrition Assistance Program (SNAP), formerly known as the Food Stamp Program (FSP), is a federally funded national nutrition aid program administered by the United States Department of Agriculture (USDA) through its Food and Nutrition Service (FNS). SNAP is a "means tested" entitlement program intended to help alleviate hunger and malnutrition while strengthening the nation's agriculture economy.

2. Between 1939 and 2001, FSP beneficiaries were issued paper coupons in order to acquire low, or no cost food for themselves and families. In 2001, the FSP transitioned from the paper coupon system to the current Electronic Benefit Transfer (EBT) system of access devices.

EBT cards, which are similar to commercial debit cards, are now issued to eligible SNAP recipients to distribute monthly benefits.

3. Since the passage of the Food Stamp Act of 1964, (7 U.S.C. §§ 2001 *et* seq.), the day-to-day administration of the SNAP Program has been delegated to the individual states. In the State of Ohio, the Department of Job and Family Services (ODJFS) is tasked with administering the program.

4. ODJFS issues SNAP authorized recipients *Ohio Direction* EBT Cards. Each month, ODJFS causes the direct deposit of federal SNAP monies into each recipients' SNAP EBT card account to fund individual food purchases at authorized supermarkets, convenience stores, and other food retailers including farmers' markets.

5. With the passage of the 2008 Farm Bill, the SNAP Program formally replaced the original FSP.

6. Pursuant to the Food and Nutrition Act of 2008, SNAP recipients are permitted to exchange their benefits only for specific "eligible food items". Federal regulations, 7 C.F.R. §§ 271.2, 278.2(a), legally prohibit SNAP benefits from being exchanged, redeemed or bartered for cash, alcoholic beverages, tobacco, or any other non-food items.

7. The FNS issues licenses to retail food stores which allow them to accept SNAP EBT cards from authorized recipients for the purchase of approved food products.

8. SNAP transactions are electronically completed via EBT processing equipment commonly referred to as a Point of Sale (POS) devices.

9. These POS devices are electronically linked to U.S. Government contractor data processing systems that automatically debit SNAP recipients' EBT card balances whenever food items are purchased, and in-turn electronically remit reimbursement payments to authorized SNAP vendors.

10. All SNAP EBT transactions originating in Ohio are processed by a central computer data base operated by *Conduent Government Solutions*, a U.S. Government contractor located in Austin, Texas.

11. From on or about May 12, 2022 and continuing through on or about August 21, 2022, both dates being approximate and inclusive, while in the Southern District of Ohio and elsewhere, the defendants **JOSHUA A. HUGHES, DANIELLE N. COLLINS, KELLI M. SHEPPARD** and **DOROTHY BAILEY**, together with other individuals, both known and unknown to the Grand Jury, did knowingly, voluntarily and unlawfully combine, conspire, confederate, and agree by and between themselves, to accomplish a common unlawful plan, scheme and artifice to defraud the U.S. Government of money in the form of SNAP benefits and property, through the use of false and fraudulent pretenses, representations and promises. These said individuals unlawfully transferred, acquired, possessed, trafficked and used stolen personal identification information to illicitly apply for, and acquire SNAP EBT access devices and benefits, moneys and reimbursements.

12. During the aforesaid said time frame, while in the Southern District of Ohio and elsewhere, defendants **JOSHUA A. HUGHES, DANIELLE N. COLLINS, KELLI M. SHEPPARD** and **DOROTHY BAILEY**, together with other individuals, both known and unknown to the Grand Jury, did knowingly, voluntarily and unlawfully combine, conspire, confederate, and agree by and between themselves, to commit certain offenses against the United States, to include:

    a. The illegal acquisition, possession, use and trafficking of SNAP benefits in violation of 7 U.S.C. § 2024(b);

    b. The theft and conversion of U. S. Government property in violation of 18 U.S.C. § 641;

    c. Wire fraud in violation of 18 U.S.C. § 1343;

      d.      Access device fraud in violation of 18 U.S.C. § 1029(a); and.

      e.      Aggravated identity theft in violation of 18 U.S.C. § 1028A.

## OBJECTS OF THE CONSPIRACY

13. It was an object of the conspiracy for the conspirators to illegally and fraudulently acquire, possess, transfer, use and otherwise traffic in SNAP benefits obtained through fraudulently acquired *Ohio Direction* EBT Cards.

14. It was further an object of this conspiracy for the conspirators to conceal, disguise and insulate their respective roles in carrying out aforesaid criminal scheme from federal and state regulatory authorities, law enforcement officials and prosecution authorities.

15. It was further an object of the conspiracy for the conspirators to enjoy the benefits of said criminal proceeds generated through their individual and corporate conspiratorial activities while simultaneously insulating themselves from detection by law enforcement and prosecution authorities.

## THE MANNER AND MEANS

16. During all times relevant to Count 1 of this indictment, defendants **JOSHUA A. HUGHES, DANIELLE N. COLLINS, KELLI M. SHEPPARD** and **DOROTHY BAILEY** illicitly acquired third party identification (PPI) and means of identification to include: names, account numbers and personal identification numbers associated with *Ohio Direction* SNAP EBT access devices.

17. From on or about May 12, 2022 and continuing until about August 11, 2022, both dates being approximate and inclusive, the defendants **JOSHUA A. HUGHES, DANIELLE N. COLLINS, KELLI M. SHEPPARD** and **DOROTHY BAILEY** together with other unnamed co-conspirators, directly and indirectly caused in excess of 45 false and fraudulent individual

4

SNAP EBT transactions representing an aggregate value exceeding $2,247 in U.S. Government monies. In order to accomplish these fraudulent transactions, the defendants illicitly acquired, possessed and used the following *Ohio Direction* SNAP EBT access devices bearing the last four account numbers: #6020 (issued to "L.P."), #5440 (issued to "W.J.P"), #3680 (issued to "D.J."), #6862 (issued to "N.J.S.") and #0385 (issued to "N.B.").

## OVERT ACTS

18. In furtherance of this conspiracy, and to effect the objects thereof, at least one conspirator knowingly committed one of the following overt acts within the Southern District of Ohio:

   a. On or about May 12, 2022, the defendant **JOSHUA A. HUGHES**, while at the Gordon's Food Service Store located at 2930 Wilmington Pike, Kettering, Ohio fraudulently acquired, possessed and used an *Ohio Direction* SNAP EBT access device bearing an account number ending in #6020, purportedly issued to "L.P.", in an illicit and unauthorized transaction for retail food merchandise having an aggregate value in excess of $100 in violation of federal law and regulations.

   b. On or about June 11, 2022, the defendant **KELLI M. SHEPPARD**, while at the Gordon's Food Service Store located at 2930 Wilmington Pike, Kettering, Ohio fraudulently acquired, possessed and used an *Ohio Direction* SNAP EBT access device bearing an account number ending in #3680, purportedly issued to "D.J.", in an illicit and unauthorized transaction for retail food merchandise having an aggregate value in excess of $100 in violation of federal law and regulations.

   c. On or about June 14, 2022, the defendant **DANIELLE N. COLLINS**, while at the Meijer Grocery Store located at 1900 W. Main St., Troy, Ohio fraudulently acquired, possessed and used an *Ohio Direction* SNAP EBT access device bearing an account number ending in #3680, purportedly issued to "D.J.", in an illicit and unauthorized transaction for retail food merchandise having an aggregate value in excess of $100 in violation of federal law and regulations.

All in violation of 18 U.S.C. § 371.

## COUNT 2
## [7 U.S.C. § 2024(b)]
## (SNAP Fraud)

19. On or about May 12, 2022, while in the Southern District of Ohio at the Gordon Food Service Store located at 2930 Wilmington Pike, Kettering, Ohio, defendant **JOSHUA A. HUGHES**, did knowingly acquire, possess and use an Ohio Direction SNAP EBT access device card bearing account number ending in #3680 purportedly issued to "D.J.", as defined by 7 U.S.C. § 2012 (a) and (i) having a value of $100 or more, in a manner not authorized by 7 U.S.C., Chapter 51 and the regulations issued pursuant thereto (7 C.F.R. §§ 271-285) in that he knowingly, fraudulently and unlawfully acquired, possessed and used said SNAP EBT access device, to unlawfully acquire various food items and other commodities.

In violation of 7 U.S.C. § 2024(b).

## COUNT 3
## [7 U.S.C. § 2024(b)]
## (SNAP Fraud)

20. On or about June 14, 2022, while in the Southern District of Ohio at the Meijer Grocery Store located at 1900 W. Main St., Troy, Ohio, defendant **DANIELLE N. COLLINS**, did knowingly acquire, possess and use an Ohio Direction SNAP EBT access device card bearing account number ending in #3680 purportedly issued to "D.J.", as defined by 7 U.S.C. § 2012 (a) and (i) having a value of $100 or more, in a manner not authorized by 7 U.S.C., Chapter 51 and the regulations issued pursuant thereto (7 C.F.R. §§ 271-285) in that he knowingly, fraudulently and unlawfully acquired, possessed and used said SNAP EBT access device, to unlawfully acquire various food items and other commodities.

In violation of 7 U.S.C. § 2024(b).

## COUNT 4
## [7 U.S.C. § 2024(b)]
## (SNAP Fraud)

21. On or about June 11, 2022, while in the Southern District of Ohio at the Gordon Food Service Store located at 2930 Wilmington Pike, Kettering, Ohio, defendant **KELLI M. SHEPPARD**, did knowingly acquire, possess and use an Ohio Direction SNAP EBT access device card bearing account number ending in #3680 purportedly issued to "D.J.", as defined by 7 U.S.C. § 2012 (a) and (i) having a value of $100 or more, in a manner not authorized by 7 U.S.C., Chapter 51 and the regulations issued pursuant thereto (7 C.F.R. §§ 271-285) in that he knowingly, fraudulently and unlawfully acquired, possessed and used said SNAP EBT access device, to unlawfully acquire various food items and other commodities.

In violation of 7 U.S.C. § 2024(b).

## COUNT 5
## [21 U.S.C. § 846]
## (Conspiracy to Possess with Intent to Distribute Drugs)

22. Beginning on an exact date unknown, but at least by on or about June 23, 2021 and continuing up to and including on or about August 18, 2022, in the Southern District of Ohio, defendants **JOSHUA A. HUGHES, DANIELLE N. COLLINS** and **KELLI M. SHEPPARD**, and others known and unknown to the Grand Jury, knowingly and intentionally conspired to knowingly and intentionally possess with intent to distribute and to distribute:

   a. 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as Fentanyl), a Schedule II controlled substance;

   b. a mixture or substance containing a detectable amount of Etizolam, a Schedule I controlled substance;

7

    c.    a mixture or substance containing a detectable amount of Hydrocodone, a Schedule II controlled substance; and

    d.    a mixture or substance containing a detectable amount of Oxycodone, a Schedule II controlled substance,

in violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)-(C).

### COUNT 6
### [21 U.S.C. § 856(a)(1)]
### (Maintaining a Drug-Involved Premises)

23. Beginning on an exact date unknown, but at least by on or about June 3, 2021 and continuing up to and including on or about May 1, 2022, in the Southern District of Ohio, defendants **JOSHUA A. HUGHES** and **DANIELLE N. COLLINS** knowingly and intentionally used and maintained a place located at 2217 King Ave., Dayton, Ohio, permanently and temporarily, for the purpose of manufacturing, distributing and using methamphetamine, its salts, isomers or salts of its isomers, a Schedule II controlled substance.

In violation of 21 U.S.C. § 856(a)(1).

### COUNT 7
### [21 U.S.C. § 856(a)(1)]
### (Maintaining a Drug-Involved Premises)

24. Beginning on an exact date unknown, but at least by on or about May 12, 2022 and continuing up to and including on or about August 11, 2022, in the Southern District of Ohio, defendants **JOSHUA A. HUGHES** and **DANIELLE N. COLLINS** knowingly and intentionally used and maintained a place located at 4154 Oakdell Avenue, Riverside, Ohio, permanently and temporarily, for the purpose of distributing and using:

    a.    N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as Fentanyl), a Schedule II controlled substance;

    b.    Etizolam, a Schedule I controlled substance;

    c.    Hydrocodone, a Schedule II controlled substance; and

    d.    Oxycodone, a Schedule II controlled substance.

In violation of 21 U.S.C. § 856(a)(1).

## COUNT 8
## [18 U.S.C. § 1028A(a)(1)]
## (Aggravated Identity Theft)

25. The Grand Jury hereby reiterates the allegations contained in paragraphs 1 - 21 of this indictment as if they were fully reproduced herein.

26. From on or about Mary 12, 2022 and continuing through on or about August 21, 2022, both dates being approximate and inclusive, while in the Southern District of Ohio, and elsewhere, defendants **JOSHUA A. HUGHES, DANIELLE N. COLLINS, KELLI M. SHEPPARD** and **DOROTHY BAILEY**, did, without lawful authority, knowingly possess one or more *Ohio Direction* SNAP EBT access devices of another person, which is considered a means of identification, as defined in 18 U.S.C. § 1028(d)(7), which included a unique electronic identification number an individual whose full identity is known to the Grand Jury, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c)(1), to wit: Theft of U.S. Government Property in violation of 18 U.S.C. § 641, and 18 U.S.C. § 1028A(c)(5), to wit: wire fraud in violation of 18 U.S.C. § 1343 as previously referenced in this indictment.

In violation of 18 U.S.C. § 1028A (a)(1).

9

## FORFEITURE ALLEGATION 1

Upon conviction of the offense set forth in Count 1 of this Indictment, the defendants, **JOSHUA A. HUGHES, DANIELLE N. COLLINS, KELLI M. SHEPPARD** and **DOROTHY BAILEY**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation; pursuant to 7 U.S.C. § 2024(f), all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, such violation, or proceeds traceable to such violation; pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation; and pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

## FORFEITURE ALLEGATION 2

Upon conviction of one or more of the offenses set forth in Counts 2, 3, and/or 4 of this Indictment, the defendants, **JOSHUA A. HUGHES, DANIELLE N. COLLINS** and **KELLI M. SHEPPARD**, shall forfeit to the United States, pursuant to 7 U.S.C. § 2024(f), all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the commission of, such violation(s), or proceeds traceable to such violation(s).

## FORFEITURE ALLEGATION 3

Upon conviction of one or more of the offenses set forth in Counts 5 and/or 7 of this Indictment, the defendants, **JOSHUA A. HUGHES, DANIELLE N. COLLINS, KELLI M. SHEPPARD** and **DOROTHY BAILEY**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of, such violation(s), including but not limited to the following:

**Property seized on August 11, 2022, from 4154 Oakdell Avenue, Riverside, Ohio**

a. Savage Arms, Model MSR-AR15, 223/5.56 caliber, semi-automatic rifle, serial number 01-002593, with a magazine, scope, accessories, and any ammunition;

b. Smith & Wesson, Model SD40, 40 caliber semi-automatic handgun with an obliterated serial number, with a magazine, any ammunition, and any attachments;

c. Springfield Armory, Model XD40, 40 caliber semi-automatic handgun, serial number AT206047, with a magazine, approximately four (4) 40 caliber rounds of ammunition, and any attachments;

d. Smith & Wesson, Model SD40, 40 caliber semi-automatic handgun, serial number DUX1790, with a magazine, approximately ten (10) 40 caliber rounds of ammunition, and any attachments;

e. FEG (Made in Hungary), Model PA63, 9mm caliber semi-automatic handgun, serial number AF4280, with a magazine, approximately seven (7) 9mm rounds of ammunition, and any attachments;

f. Springfield Armory, Model XD40, 40 caliber semi-automatic handgun, serial number US494805, with a magazine, approximately two (2) 40 caliber rounds of ammunition, and any attachments;

g. Ruger, Model P345, 45 caliber semi-automatic handgun, serial number 664-82358, with a magazine, approximately eight (8) 45 caliber rounds of ammunition, and any attachments;

h. Taurus, Model TCP, 380 caliber semi-automatic handgun, serial number, 28049F, with a magazine, approximately six (6) .380 rounds of ammunition, and any attachments; and

i. $2,597.00 in U.S. Currency.

## FORFEITURE ALLEGATION 4

Upon conviction of the offense set forth in Count 6 of this Indictment, the defendants, **JOSHUA A. HUGHES** and **DANIELLE N. COLLINS**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds

obtained, directly or indirectly, as a result of such violation, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to the following:

**Property seized on June 3, 2021, from 2217 King Avenue, Dayton, Ohio**

a. Hi-Point, Model C9, 9mm, serial number P1343514 with magazine, any ammunition and any attachments;

b. Mossberg, 12 gauge shotgun, serial number R257084, with any ammunition and any attachments;

c. Bearman, Model BBG, .38 caliber, serial number BT020762, with any ammunition and any attachments;

d. Cobra, Model FS380, .380, serial number FS113689, with any ammunition and any attachments; and

e. $15,470.00 in U.S. Currency.

12

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), or as incorporated by 18 U.S.C. § 982(b)(1), 18 U.S.C. § 1029(c)(2), or 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants, up to the value of the property described above.

A TRUE BILL

/s/
FOREMAN

KENNETH L. PARKER
United States Attorney

*Dwight K. Keller*
DWIGHT K. KELLER (0074533)
Assistant United States Attorney

13