AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of Ohio

UNITED STATES OF AMERICA
v.
Joshua A. Hughes

## JUDGMENT IN A CRIMINAL CASE

Case Number: 3:22-cr-124(1)

USM Number: 15859-510

Cheryll A. Bennett
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s) 2, 5, 6 of the Indictment.

☐ pleaded nolo contendere to count(s) ____ which was accepted by the court.

☐ was found guilty on count(s) ____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 7 U.S.C. § 2024(b) | Supplemental Nutrition Assistance Program (SNAP) Fraud | 5/12/2022 | 2 |
| 21 U.S.C. § 846 and § 841(b)(1)(B)-(C) | Conspiracy to Possess with Intent to Distribute 40 Grams or More of a Mixture or Substance Containing a Detectable | 8/18/2022 | 5 |

The defendant is sentenced as provided in pages 2 through 11 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☑ Count(s) 1, 7, 8 ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/15/2024
Date of Imposition of Judgment

s/Michael J. Newman
Signature of Judge

Hon. Michael J. Newman, United States District Judge
Name and Title of Judge

5/9/2024
Date

DEFENDANT: Joshua A. Hughes
CASE NUMBER: 3:22-cr-124(1)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| | Amount of Fentanyl, a Schedule II Controlled Substance; a Mixture or Substance Containing a Detectable Amount of Etizolam, a Schedule I Controlled Substance; a Mixture or Substance Containing a Detectable Amount of Hydrocodone, a Schedule II Controlled Substance; and a Mixture or Substance Containing a Detectable Amount of Oxycodone, a Schedule II Controlled Substance. | | |
| 21 U.S.C. § 856(a)(1) | Maintaining a Drug-Involved Premises | 5/1/2022 | 6 |

DEFENDANT: Joshua A. Hughes
CASE NUMBER: 3:22-cr-124(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
60 months on Count 2; 60 months on Count 5; and 60 months on Count 6, to be served concurrently for a total term of imprisonment of 60 months. Defendant should be given credit for all the time he has served in the local jail awaiting sentencing.

☑ The court makes the following recommendations to the Bureau of Prisons:
Defendant participate in a Substance Abuse Treatment Program, including the RDAP Program. Defendant participate in grief counseling and parenting classes. Defendant participate in mental health treatment including anger-management counseling. Defendant continue to work toward obtaining his GED. Defendant participate in Vocational Services Program with job skills training. Defendant be incarcerated as close as possible to the Dayton, Ohio area to **permit more frequent family visits.**

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ ☐ a.m. ☐ p.m. on ______________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ______________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on ______________ to ______________

at ______________ , with a certified copy of this judgment.

______________
UNITED STATES MARSHAL

By ______________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Joshua A. Hughes
CASE NUMBER: 3:22-cr-124(1)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years on Count 2; 4 years on Count 5; and 3 years on Count 6, to be served concurrently for a total term of supervised release of 4 years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Joshua A. Hughes
CASE NUMBER: 3:22-cr-124(1)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature __________________ Date __________

DEFENDANT: Joshua A. Hughes
CASE NUMBER: 3:22-cr-124(1)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing, treatment and/or medication compliance for alcohol and controlled substance abuse, as directed by the U.S. Probation Office, until such time as the defendant is released from the program by the Probation Office. The defendant will make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

2. The defendant shall participate in a program of mental health assessment and/or counseling to include anger management counseling, as directed by the United States Probation Office, until such time as the defendant is released from such program by the Probation Office. The defendant will make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

3. The defendant shall participate in a vocational services program as directed by the probation officer. Such program may include on-the-job training, job readiness training, and skills development training.

4. The defendant shall participate in an educational services program as directed by the probation officer. Such programs may include General Education Diploma (GED) preparation, English as a second language classes, and other classes designed to improve the defendant's proficiency in skills such as literacy, mathematics, or computer use.

5. The defendant shall provide all financial information requested by the probation officer.

6. The defendant shall not incur new credit charges or open lines of credit without the approval of the probation officer.

7. The defendant shall attend credit consumer counseling as directed by the probation officer.

DEFENDANT: Joshua A. Hughes
CASE NUMBER: 3:22-cr-124(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 3,311.24 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until ______ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States Department of Agriculture's<br>Food and Nutrition Service<br>Attn: Angela Baker<br>P.O. Box 979027, Lock Box 9027<br>St. Louis, MO 63197-9000 | $3,311.24 | $3,311.24 | |
| **TOTALS** | $ 3,311.24 | $ 3,311.24 | |

☐ Restitution amount ordered pursuant to plea agreement $ ______

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☑ the interest requirement for the ☐ fine ☑ restitution is modified as follows: Interest waived on balanc. of restitut. not paid w/in 15 days after judgment.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Joshua A. Hughes
CASE NUMBER: 3:22-cr-124(1)

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Pursuant to 18 U. S.C. § 3664(m)(1)(A) and 18 U.S.C. § 3613(f), the liability to pay restitution shall terminate the later of 20 years from the entry of judgment or 20 years after Defendant is released from imprisonment.

DEFENDANT: Joshua A. Hughes
CASE NUMBER: 3:22-cr-124(1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 3,611.24 due immediately, balance due

☐ not later than ______________ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
Restitution is due immediately through the Clerk of Court, S.D. of Ohio with any unpaid balance to be paid in the amount of not less than 10% of Defendant's net income per month. While incarcerated, if Defendant works in a non-UNICOR or grade 5 UNICOR job, Defendant shall pay $25 per quarter toward his financial obligation. If working in a grade 1-4 UNICOR job, Defendant shall pay 50% of his monthly pay toward his financial obligation. Any change in this schedule shall be made only by an order of this Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Danielle N. Collins, 3:22-cr-124-2 | 3,311.24 | 3,311.24 | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
COUNT 2: all property, real and personal, used in a transaction or attempted transaction, to commit, or to facilitate the

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: Joshua A. Hughes
CASE NUMBER: 3:22-cr-124(1)

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Kelli M. Sheppard, 3:22-cr-124-3 | $3,311.24 | $3,311.24 | |
| Dorothy Bailey, 3:22-cr-124-4 | $85.44 | $85.44 | |

DEFENDANT: Joshua A. Hughes
CASE NUMBER: 3:22-cr-124(1)

# ADDITIONAL FORFEITED PROPERTY

commission of, such violation(s), or proceeds traceable to such violation(s).

COUNT 5:

a. Savage Arms, Model MSR-AR15, 223/5.56 caliber, semi-automatic rifle, serial number 01-002593, with a magazine, scope, accessories, and any ammunition;

b. Smith & Wesson, Model SD40, 40 caliber semi-automatic handgun with an obliterated serial number, with a magazine, any ammunition, and any attachments;

c. Springfield Armory, Model XD40, 40 caliber semi-automatic handgun, serial number AT206047, with a magazine, approximately four (4) 40 caliber rounds of ammunition, and any attachments;

d. Smith & Wesson, Model SD40, 40 caliber semi-automatic handgun, serial number DUX 1790, with a magazine, approximately ten (10) 40 caliber rounds of ammunition, and any attachments;

e. FEG (Made in Hungary), Model PA63, 9mm caliber semi-automatic handgun, serial number AF4280, with a magazine, approximately seven (7) 9mm rounds of ammunition, and any attachments;

f. Springfield Armory, Model XD40, 40 caliber semi-automatic handgun, serial number US494805, with a magazine, approximately two (2) 40 caliber rounds of ammunition, and any attachments;

g. Ruger, Model P345, 45 caliber semi-automatic handgun, serial number 664-82358, with a magazine, approximately eight (8) 45 caliber rounds of ammunition, and any attachments;

h. Taurus, Model TCP, 380 caliber semi-automatic handgun, serial number, 28049F, with a magazine, approximately six (6) .380 rounds of ammunition, and any attachments; and

i. $2,597.00 in U.S. Currency.

COUNT 6:

a. Hi-Point, Model C9, 9mm, serial number P1343514 with magazine, any ammunition and any attachments;

b. Mossberg, 12 gauge shotgun, serial number R257084, with any ammunition and any attachments;

c. Bearman, Model BBG, .38 caliber, serial number BT020762, with any ammunition and any attachments;

d. Cobra, Model FS380, .380, serial number FS113689, with any ammunition and any attachments; and

e. $15,470.00 in U.S. Currency.